J-S25004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
               :          PENNSYLVANIA
               :
       v.             :
               :
               :
RONALD PARKER          :
               :
       Appellant     :    No. 1874 EDA 2022

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006152-2021

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:       **FILED OCTOBER 23, 2023**

Appellant Ronald Parker appeals from the judgment of sentence imposed following his convictions for possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of a firearm with an altered manufacturer's number.[1] On appeal, Appellant challenges the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of his sentence. After careful review, we vacate Appellant's sentence for possession of a firearm with an altered manufacturer's number and remand for resentencing on that count, and we affirm the judgment of sentence in all other respects.

The trial court summarized the underlying facts of this case as follows:

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 6110.2(a), respectively.

On March 30, 2021, at approximately 1:53am, Officer [Jeffrey] Kintsch and Officer Kelly[2] were on patrol in the area of 6000 Elmwood Avenue. According to Officer Kintsch, he and his partner were patrolling the area because earlier that night and the previous night there was a residence struck with multiple gunshots. They were patrolling about a half a block away from the residence that was struck with multiple gunshots.

During their patrol, Officer Kintsch and Officer Kelly parked their patrol vehicle at the stop sign on Edgewood and Elmwood. From across the street, the officers observed [Appellant] walking eastbound on the 600 block Elmwood Avenue. Officer Kintsch testified that "[Appellant] goes to the stop sign on Elmwood, looks in our direction and turns around at the back of the pickup truck, then stops at the cab of the pickup truck. It would be the front part of the pickup truck. He stops. He bends down. And you see him toss something." [N.T. Trial, 4/26/22, at 16]. The officers were [on] a two-lane highway and a parked car away from [Appellant]. Officer Kintsch also stated that their vehicle windows were down, and they heard a metal clink after [Appellant] tossed something. After the Officers heard the metal clink, Officer Kintsch shines the patrol light underneath the car where he saw [Appellant] bend down and toss. They observed a firearm. After observing the firearm, Officer Kintsch made a left-hand turn because [Appellant] was walking westbound at that point. Then Officer Kelly exited the patrol vehicle to stop [Appellant]. Officer Kintsch recovered the firearm from right side of the truck, behind the front passenger tire. The firearm was a Polymer 80 model and it did not have a serial number.

During their encounter with [Appellant], the officers were unable to verify [Appellant's] identity because he gave them false information. [Appellant] told the officers his name was Peter Parker. However, they were able to verify his identity from a credit card or debt card that was on his person.

After listening to Officer Kintsch's testimony, viewing the exhibits and body cam footage, this court found [Appellant] guilty of all charges. This court stated[:]

> It's a circumstantial case. The circumstances such that at 1:30 in the morning, in most neighborhoods, no one is out. And if you hear someone dropping any kind of metal onto

---

[2] Police Officer Kelly's first name does not appear in the record.

concrete it's going to be audible. And they weren't particularly looking for him. They were routine patrolling. It's not like they ran him down. So, for that reason I will find him guilty.

On June 28, 2022, [Appellant] was sentenced. At the sentencing hearing, the Commonwealth referred to a Disciplinary Report from the prison. [Appellant's counsel] objected and noted for the record:

I didn't review this and I'm not going to because it's the morning of sentencing and it's not fair for the Commonwealth to give me some sort of damaging evidence against my client without sufficient time to go over it and discuss it with my client. You can do what you want with it. I won't depend on it . . . and under **Brady**,[3] all inculpatory and exculpatory, not only for trial, but for sentencing has to be provided.

The Commonwealth stated that **Brady** did not apply. This court allowed the Commonwealth to continue to present the evidence regarding the Disciplinary Report from the prison. Ultimately, this court did not rely on the Disciplinary Report when determining [Appellant's] sentence. . . .

Trial Ct. Op., 11/8/22, at 1-3 (citations omitted and some formatting altered).

On June 28, 2022, the trial court sentenced Appellant to concurrent terms of four to eight years of incarceration followed by three years of probation for possession of a firearm prohibited and four to eight years of incarceration followed by three years of probation for possession of a firearm with an altered manufacturer's number, with no further penalty for firearms not to be carried without a license and carrying a firearm in public in Philadelphia. Sentencing Order, 6/28/22. This resulted in an aggregate

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

sentence of four to eight years of incarceration followed by three years of probation. *Id.* Appellant did not file post-sentence motions.

Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Did the trial court err, abuse its discretion, and/or make a mistake of law in upholding the verdict in the situation where there was insufficient evidence to demonstrate that Appellant was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach?

2. Did the trial court err, abuse its discretion, and/or make a mistake of law because the guilty verdict was against the weight of the evidence in the situation where [Appellant] was never in actual or constructive possession of a handgun?

3. Did the trial court err, abuse its discretion, and/or make a mistake of law when it relied at sentencing on a prison disciplinary report that was not disclosed in a timely fashion to defense counsel[?]

Appellant's Brief at 6 (renumbered and some formatting altered).

**Sufficiency of the Evidence**

Appellant first argues that there was insufficient evidence supporting his conviction for possession of a firearm prohibited under 18 Pa.C.S. § 6105(a)(1), graded as a first-degree felony. *Id.* at 17. Appellant contends that the Commonwealth was required to prove that Appellant "was in physical possession or control of a firearm, whether visible, concealed about the person

or within the person's reach." ***Id.*** (quoting 18 Pa.C.S. § 6105(a.1)(1.1)(i)(B)).[4]

Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Bragg***, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted). Because a sufficiency of the evidence challenge raises a question of law, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Mikitiuk***, 213 A.3d 290, 300 (Pa. Super. 2019).

---

[4] It was undisputed that Appellant had a prior conviction for robbery, which is an offense enumerated in 18 Pa.C.S. § 6105(b), and he was therefore prohibited from possessing a firearm pursuant to 18 Pa.C.S. § 6105(a)(1).[4] ***See*** N.T., Trial, 4/26/22, at 61-63. Accordingly, Appellant challenges only the possession element of the crime. ***See*** Appellant's Brief at 17-18.

The crime of possession of a firearm prohibited is defined, in relevant part, as follows:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**(a.1) Penalty.—**

\* \* \*

(1.1) The following shall apply:

\* \* \*

(i) A person convicted of a felony enumerated under subsection (b) or a felony under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the first degree if:

\* \* \*

(B) at the time of the commission of a violation of subsection (a), the person was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach.

18 Pa.C.S. § 6105(a)(1), (a.1)(1.1)(i)(B).

The Commonwealth may meet its burden by proving constructive possession of contraband beyond a reasonable doubt and may do so using circumstantial evidence of a defendant's possession of the item at issue.

*Commonwealth v. Bowens*, 265 A.3d 730, 741 (Pa. Super. 2021) (*en banc*), *appeal denied*, 279 A.3d 508 (Pa. 2022). This Court has defined constructive possession as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted). "The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it." *Commonwealth v. Peters*, 218 A.3d 1206, 1209 (Pa. 2019) (citation omitted). "Dominion and control means the defendant had the ability to reduce the item to actual possession immediately or was otherwise able to govern its use or disposition as if in physical possession." *Id.* (citations omitted).

Here, the trial court addressed Appellant's constructive possession of the firearm as follows:

> In the instant matter, circumstantial evidence is sufficient to prove that [Appellant] constructively possessed the firearm. Officer Kintsch saw [Appellant] stop at the front part of the pickup truck, bend down and toss something. Also, Officer Kintsch and his partner [were] able to hear the metal clink as the firearm hit the ground, because the windows of the patrol vehicle were down and it was approximately 1:53 a.m., meaning there was little to no noise in the area.

- 7 -

Trial Ct. Op., 11/8/22, at 5 (citation omitted and some formatting altered).

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to support the trial court's conclusion that Appellant constructively possessed the firearm. *See Bragg*, 133 A.3d at 330-31; *Bowens*, 265 A.3d at 741. As noted above, the determination of whether a witness has testified credibly is a matter reserved solely for the factfinder, and the Commonwealth's evidence "need not preclude every possibility of innocence." *See Bragg*, 133 A.3d at 330-31. Here, based on Officer Kintsch's testimony, it was reasonable for the trial court to conclude that Appellant possessed and controlled the firearm, and that when he saw the police officers, Appellant bent down near a truck and tossed the firearm under a vehicle where the officers discovered it. *See* Trial Ct. Op., 11/8/22, at 5-6; N.T., 4/26/22, at 15-17. The trial court had the opportunity to hear all the evidence presented by the Commonwealth over the course of the trial, was free to weigh the credibility of the witness, and believe all or part or none of the testimony. *See Bragg*, 133 A.3d at 330; *see also* 18 Pa.C.S. § 6105(a)(1), (a.1)(1.1)(i)(B). It is not for this Court to substitute its judgment for the factfinder and re-weigh the evidence. *See id.* Accordingly, Appellant is not entitled to relief on this claim.

**Weight of the Evidence**

Next, Appellant contends that the verdict was against the weight of the evidence. Appellant reiterates that he was not found in actual possession of

the firearm and contends that it was not reasonable for the trial court to conclude that Appellant constructively possessed the firearm based on the officer's testimony that he heard a "clink" sound from approximately three car lengths away. Appellant's Brief at 16.

Although the trial court addressed Appellant's challenge to the weight of the evidence in its opinion, the Commonwealth asserts that Appellant waived this issue because he failed to raise it before the trial court. Commonwealth's Brief at 8.

When reviewing a weight-of-the-evidence challenge, we are governed by the following standard:

> When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility. We give great deference to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

***Commonwealth v. Roane***, 204 A.3d 998, 1001 (Pa. Super. 2019) (citations omitted and formatting altered).

However, when a defendant fails to raise a challenge to the weight of the evidence in the trial court, that challenge is waived. ***See Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) (failing to properly preserve a challenge to the weight of the evidence results in waiver even if the trial

court addresses the issue in its opinion) (citations omitted); Pa.R.Crim.P. 607(A)(1)-(3) (claim verdict was against weight of evidence shall be raised with trial judge in motion for new trial orally on record, by written motion before sentencing, or in post-sentence motion).

After review, we conclude that the record reflects that Appellant did not file post-sentence motions nor otherwise raise his challenge to the weight of the evidence before the trial court. Accordingly, we agree with the Commonwealth and conclude that this issue is waived. **Roane**, 204 A.3d at 1001; **Lofton**, 57 A.3d at 1273.

## Discretionary Aspects of Sentencing

Appellant next contends that the trial court relied on an improper factor at sentencing. Specifically, Appellant claims that the trial court improperly considered his prison disciplinary report, which the Commonwealth failed to disclose to the defense in a timely manner. Appellant's Brief at 18-19. Appellant argues that Commonwealth's failure to provide this report to the defense caused prejudice because Appellant's counsel was unable to prepare a defense to the information in the report. **Id.**

Claims alleging that the trial court considered an improper sentencing factor involve the discretionary aspects of sentencing. **See**, **e.g.**, **Commonwealth v. Tobin**, 89 A.3d 663, 667-69 (Pa. Super. 2014) (holding that the claim that the sentencing court improperly considered *nolle prossed* charges was a challenge to the discretionary aspects of sentencing); **Commonwealth v. Scott**, 860 A.2d 1029 (Pa. Super. 2004) (holding that a

claim that the trial court relied on *ex parte* information not of record presents a challenge to the discretionary aspects of sentencing); ***see also*** 42 Pa.C.S. § 9781. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, although Appellant did not file a post-sentence motion, he preserved the instant claim before the trial court by objecting to the Commonwealth's use of the prison disciplinary report at sentencing. *See* N.T. Sentencing Hr'g, 6/28/22, at 12-13. Appellant also filed a timely notice of appeal and included a Rule 2119(f) statement in his brief. Therefore, Appellant preserved this issue. *See Corley*, 31 A.3d at 296. Further, Appellant's assertion that the trial court considered an improper factor at sentencing raises a substantial question for review. *See Commonwealth v. Crawford*, 254 A.3d 769, 782 (Pa. Super. 2021).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

The Commonwealth is required to turn over favorable evidence to the defendant when it is material to either the guilt or sentencing phase. *Commonwealth v. King*, 271 A.3d 437, 445 (Pa. Super. 2021) (citing *Brady*, 373 U.S. at 87)). To establish a *Brady* violation, the defendant has the burden of proving: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Id.* at 442 n.4 (citation omitted); *see also Commonwealth v. Murray*, 174 A.3d 1147, 1152 (Pa. Super. 2017) (explaining that defendant bears the burden of proving these three factors).

Here, after Appellant objected to the Commonwealth's use of the prison disciplinary report at sentencing, the trial court stated: "I haven't reviewed it. We're going to let [the Commonwealth] continue and then we're going to let your client go. I haven't reviewed it yet, so we're just going to go ahead." N.T. Sentencing Hr'g, 6/28/22, at 12-13. In its opinion, the trial court reiterated that it did not rely on or consider the report when it sentenced Appellant. *See* Trial Ct. Op., 11/8/22, at 7.

Because the trial court explicitly stated that it did not consider or rely on the report, we conclude that Appellant cannot establish prejudice and has failed to satisfy his burden with respect to his *Brady* claim. *See Murray*, 174 A.3d at 1152. Likewise, because the trial court did not consider the report, Appellant's claim that the trial court considered an improper sentencing factor is meritless. *See Raven*, 97 A.3d at 1253. For these reasons, Appellant is

not entitled to relief on his challenge to the discretionary aspects of his sentence.

## Legality of Sentence

Finally, although Appellant did not raise this issue on appeal, we address the legality of the sentence because the issue is not waivable and may be raised by this Court on direct review. *Commonwealth v. Dahl*, 296 A.3d 1242, 1253 (Pa. Super. 2023) (citation omitted); *see also Commonwealth v. Tucker*, 143 A.3d 955, 960 (Pa. Super. 2016) (stating that an illegal sentence must be vacated and requires remand for resentencing). When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Tighe*, 184 A.3d 560, 584 (Pa. Super. 2018) (citations omitted).

It is well settled that a sentencing court may impose a split sentence that includes both incarceration and probation. *Commonwealth v. Eid*, 249 A.3d 1030, 1036 (Pa. 2021) (citation omitted). However, when determining the lawful maximum term on a split sentence, the sentence imposed cannot exceed the statutory maximum. *See id.*; *Commonwealth v. Crump*, 995 A.2d 1280, 1283-84 (Pa. Super. 2010). Therefore, when the statutory maximum sentence is ten years, the trial court cannot impose a total sentence that exceeds ten years. *See Crump*, 995 A.2d at 1184 (stating that where the statutory maximum is ten years, a defendant cannot receive a term of

incarceration followed by a term of probation where the total maximum exceeds ten years).[5]

As noted above, the trial court sentenced Appellant to a term of four to eight years of incarceration followed by three years of probation for possession of a firearm with an altered manufacturer's number, which was graded as a second-degree felony. Sentencing Order, 6/28/22. This split sentence imposes a combined maximum sentence of eleven years, which exceeds the ten-year statutory maximum sentence for a second-degree felony. *See* 18 Pa.C.S. §§ 106(b)(3); 1103(2); 6110.2(b).

Accordingly, we are constrained to vacate Appellant's judgment of sentence with respect to his conviction for possession of a firearm with an altered manufacturer's number, and we remand for resentencing on that count.[6] *See Tucker*, 143 A.3d at 960.

Judgment of sentence for possession of a firearm with an altered manufacturer's number vacated and remanded for resentencing on that count. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

---

[5] The *Crump* Court provided an example stating that "a defendant cannot receive a term of incarceration of three to six years followed by five years [of] probation" because the total combined maximum term of eleven years would exceed the allowable maximum sentence of ten years. *Crump*, 995 A.2d at 1284.

[6] "Where we determine that a sentence must be corrected, this Court has the option of amending the sentence directly or remanding it to trial court for re-sentencing. If a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand." *Commonwealth v. Phillips*, 946 A.2d 103, 115 (Pa. Super. 2008) (formatting altered and citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023